UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALFREDO RIVERA on behalf of
FDC PRISONERS/WE THE
PEOPLE,

    Plaintiff,

v.                                             Case No. 5:22-cv-151-TKW-MJF

RICKY DIXON and RON
DESANTIS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to comply with court orders, failed to prosecute this action, and failed to pay the filing fee, the District Court should dismiss this action without prejudice.

On July 28, 2022, the undersigned ordered Plaintiff to submit an amended civil rights complaint accompanied by payment of $402.00 or a complete application for leave to proceed *in forma pauperis*. Doc. 6. The undersigned provided Plaintiff until August 29, 2022, to comply. *Id.* The undersigned warned Plaintiff that the failure to comply likely would result in dismissal of this action. Plaintiff failed to comply with that order. *Id.*

On September 12, 2022, the undersigned ordered Plaintiff to show cause for his failure to comply with a court order, failure to prosecute, and failure to pay the filing fee. Doc. 7. The undersigned provided Plaintiff until October 12, 2022, to comply. *Id.* The undersigned again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.*

On September 22, 2022, Plaintiff filed an objection to the undersigned's July 28, 2022 order. Doc. 8. On September 27, 2022, the District Court overruled Plaintiff's objection and affirmed the undersigned's order. Doc. 9.

Despite having ample time to prepare and submit an amended complaint and pay the filing fee, Plaintiff has elected not to do so. Plaintiff additionally failed to provide any explanation—much less good cause—for his failure to comply with the undersigned's orders, his failure to pay the filing fee, and his failure to prosecute this case. Therefore, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.[1]

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); *see* N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). Additionally, a court may dismiss a prisoner's case for failure to pay the filing fee so long as the court provides Plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002).

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 3rd day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The district court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**